Dear Representative Dietrich:
You have requested our legal opinion as to the following questions:
 1. Is the Division of Health of the Department of Social Services required by state law to issue a certificate of death when an abortion is performed in Missouri regardless of the age of the fetus?
 2. If the requirement as to whether a death certificate is to be issued is determined by the number of weeks the fetus has existed since conception, who makes this determination as to age?
 3. Is a physician licensed to practice medicine in the State of Missouri required to report to the Division of Health when an abortion is performed regardless of the age of the fetus?
 4. If the answer to #3 is in the affirmative, is a death certificate then issued?
"Abortion" is defined in section 188.015(1), RSMo Supp. 1979, as "the intentional destruction of the life of an embryo or fetus in his or her mother's womb or the intentional termination of the pregnancy of a mother with an intention other than to increase the probability of a live birth or to remove a dead or dying unborn child."
Preliminarily, it should be noted that an abortion which terminates pregnancy, as described in the second part of the statutory definition, could result in the live birth of an infant whose death would require issuance the filing of a certificate of death, regardless of age of the decedent, pursuant to section 193.130, RSMo 1978.
Inherent in your question, however, is use of the term "abortion" as described in the first part of the statutory definition, that being "the intentional destruction of the life of an embryo or fetus in his or her mother's womb," i.e., inutero, in which instance a live birth would not occur. The essence of your question is whether a certificate of death is required to be filed with the Division of Health upon the occurrence of death of a fetus in utero, regardless of age of the fetus, caused by performance or inducement of an abortion.
The Division of Health of the Department of Social Services is mandated by section 192.060, RSMo 1978, to have charge of the state system of registration of births and deaths. Section 193.030 provides that the Division shall install a statewide system of "vital statistics," defined in section 193.020(8) to include the "regulation, preparation, transcription, collection, compilation and preservation of data pertaining to births, . . .deaths, stillbirths . . . and data incidental thereto." (Emphasis added.)
Section 193.130 requires that "a certificate of every deathor stillbirth shall be filed with the local registrar of the district in which the death or stillbirth occurred within three days after the occurrence is known. . ." (Emphasis added.)
Your question describes a certificate of death as being "issued" by the Division of Health. It should be noted that certificates of death and stillbirth are not issued by the Division but, pursuant to sections 193.130 and 193.140, RSMo 1978, are prepared by the person in charge of interment and are filed with
the Division's registrar in the registration district in which the death or stillbirth occurred or the body was found.
"Death" is not defined by Missouri statutes, but authorities generally concur that it means "cessation of life;" i.e., cessation of the evidence of life following live birth. See: Black's LawDictionary 5th Edition (1979); Stedman's Medical Dictionary,
4th Unabridged Lawyers' Edition (1976); Webster's New WorldDictionary, 2d College Edition (1978).
"Stillbirth" is defined in section 193.020(7) as "a birthafter twenty weeks of gestation which is not a live birth." (Emphasis added.)
Missouri statutes require that a "certificate of stillbirth" be filed upon the occurrence of death of a fetus in utero which has exceeded the gestational age of twenty weeks, regardless of whether death was by natural causes, such as spontaneous miscarriage, or by an intentional act, such as abortion.
It should be noted that, in practice, the Division of Health employs the terms "stillbirth" and "fetal death" interchangeably, although the term fetal death is not defined by Missouri statutes. Black's Law Dictionary defines "fetal death" as "the death of a child not yet born. Death in utero of a fetus weighing 500 grams or more. This weight compares roughly to a fetus of twenty weeks or more (gestational age), i.e., a viable fetus."
The Division designates the form of its certificate of stillbirth as a "Certificate of Fetal Death."
In response to your first and second questions:
(a) Neither a "certificate of death" nor a "certificate of stillbirth" is required to be filed with the Division of Health when an abortion is performed in Missouri which results in the death of the fetus in utero, where the gestational age is estimated by the attending physician to be twenty weeks or less.
(b) Pursuant to section 193.130, a "certificate of stillbirth" is required to be filed with the Division of Health upon the occurrence of death of a fetus in utero, whether induced by abortion or the result of spontaneous natural causes, where the gestational age is estimated by the attending physician to be more than twenty weeks.
(c) Should a termination of pregnancy by abortion result in the live birth of an infant, a "certificate of death" is required to be filed with the Division of Health upon the death of the infant.
In response to your third and fourth questions:
(a) A physician licensed to practice medicine in the State of Missouri is required, pursuant to section 188.052, RSMo Supp. 1979, to complete an "individual abortion report" for each abortion performed or induced upon a woman (regardless of the age of the fetus), and to submit such report to the Division of Health within forty-five days from the date of the abortion.
(b) There is no statutory requirement that a "certificate of death" be issued by or filed with the Division upon receipt by the Division of an individual abortion report submitted by a physician pursuant to section 188.052.
Very truly yours,
 JOHN ASHCROFT Attorney General